IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Vasile Bote, d/b/a BAS Apiary,<br><br>Plaintiff,<br><br>vs.<br><br>Scott Keene, d/b/a Mountain Honey Farms,<br><br>Defendant. | Case No.: 1:25-cv-00284-DLH-CRH<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

Plaintiff Vasile Bote and Defendant Scott Keene, d/b/a Mountain Honey Farms, by and through their counsel of record, hereby stipulate, subject to the Court's approval, that the following Protective Order shall govern the disclosure and use of confidential information (including documents, testimony, answers to interrogatories, responses to requests for admissions, data, and other materials and their contents) in this action.

1. **DEFINITIONS:** As used in this Protective Order, these terms have the following meanings:

   **a.** "Attorneys" refers to outside counsel of record, including partners and associates of such counsel, the law firms of such counsel, in-house counsel, and secretarial, paralegal, clerical, duplicating, data reviewing or processing personnel, and other staff of the foregoing;

   **b.** "Confidential Information" shall encompass information, regardless of how it is generated, stored, or maintained, that qualifies for protection from disclosure under Fed. R. Civ. P. 26. Any Party to this action and any Third Party shall have the right to designate as Confidential Information, and subject to this Protective Order, any information, document, or thing, or portion of any document or thing, that: (1) contains financial information, including tax returns, bank and accounting records, and records of honey sale proceeds,

volumes, buyers, and pricing; (2) contains trade secrets or competitively sensitive marketing, sales, customer, supplier, or other confidential business information; (3) contains private or confidential personal information; (4) contains information received in confidence from Third Parties, including other beekeepers, honey buyers, and pollination customers; or (5) the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26. The foregoing list sets out general categories of confidential information and is subject to the confidentiality designation process described herein.

**c.** **Identifying Confidential Information.** Information, including Documents, containing Confidential Information may be designated as "Confidential" by stamping the word "Confidential" on each page of the document. To the extent that matter is stored or recorded in the form of electronic media, the material may be designated "Confidential" by a label on the disc, tape, drive, or other physical form containing the material, or by an accompanying written designation. All Parties and Third Parties shall act in good faith and on a reasonable basis when designating any material as "Confidential."

**d.** "Disclosing Party" shall mean Vasile Bote and Scott Keene.

**e.** "Documents" shall mean all written, recorded, electronic, or graphic matter whatsoever.

**f.** "Parties" (or each a "Party") shall mean Vasile Bote and Scott Keene.

**g.** "Third Parties" refers to non-parties to this litigation who may possess or disclose Confidential Information in connection with this action through discovery, and any person or entity that provides information used in settlement discussions; and

**h.** "Written Assurance" means an executed document in the form attached as Exhibit A.

i. **"Sensitive Business Information."** A Disclosing Party may designate as "CONFIDENTIAL – SENSITIVE BUSINESS INFORMATION (OUTSIDE COUNSEL AND EXPERTS ONLY)" that subset of Confidential Information the disclosure of which to a Party would cause substantial economic harm to the competitive position of a person who is not a Party, and that consists of information identifying, or concerning the operations, honey production, hive performance, contract terms, or pricing of, a beekeeper or other honey producer other than Plaintiff.

**Limitation.** In no event may information concerning Plaintiff's own bees, hives, honey production, or honey sale proceeds be designated Sensitive Business Information.

**Page-level designation.** A designation under this paragraph shall be made at the page level, or as to identified portions of a page, and not as to document sets or Bates ranges generally. A page that does not itself contain Sensitive Business Information shall not be so designated, and a page produced without the Sensitive Business Information legend may not later be so designated. Information designated under this paragraph shall be identified by stamping the legend "CONFIDENTIAL – SENSITIVE BUSINESS INFORMATION (OUTSIDE COUNSEL AND EXPERTS ONLY)" on each page so designated.

**Designation schedule.** Within seven (7) days of production, the Disclosing Party shall serve a schedule identifying by Bates number every page or portion designated Sensitive Business Information and stating, as to each, the non-Party whose competitive position is at issue and the nature of the substantial economic harm that disclosure to a Party would cause. A page for which no compliant schedule entry is timely served is not Sensitive Business Information, and, unless that page separately

bears a "Confidential" legend applied in accordance with paragraph 1.c, it carries no confidentiality designation.

**Mixed documents.** Where a document contains both Sensitive Business Information and other information, the Disclosing Party shall produce, in addition to the version designated Sensitive Business Information, a version from which the Sensitive Business Information has been redacted, designated in accordance with paragraph 1.c.

**Relationship to Confidential Information.** Except as provided in paragraph 2.l, Sensitive Business Information is Confidential Information and is subject to every provision of this Protective Order governing Confidential Information.

**2. TREATMENT OF CONFIDENTIAL INFORMATION.**

**a. Restriction of Confidential Information.** Confidential Information may be used solely for purposes of this litigation and not for any other purpose.

**b. Time to Designate Confidential Information.** All documents produced by any Party without a confidentiality designation shall be treated as if they had been designated "Confidential" for a period of twenty (20) days from the date of their production, and during that period the Party whose Confidential Information appears in the document may designate the document "Confidential." After twenty (20) days, any document not so designated will no longer, unless subsequently determined by the Court or otherwise agreed to by the Parties, be considered to carry a confidentiality designation. The provisions of this paragraph apply equally to information designated Sensitive Business Information, except that a designation of Sensitive Business Information shall be made at the time of production. The Parties further agree that the documents produced on July 31, 2026 and

August 7, 2026 shall be deemed produced under this Protective Order as of the date of execution, and that the twenty (20) day period provided in this paragraph shall run from that date.

c. **Disclosure of Information Designated "Confidential."** Disclosures of information designated as "Confidential" shall be limited to: (1) any Party; (2) Attorneys; (3) employees or agents of such Attorneys; (4) directors, officers, employees, or representatives of the Parties who are involved in the management of the proceeding; (5) consultants or experts engaged by counsel for any Party in connection with this action; (6) the Court and its staff; (7) court reporters retained to transcribe testimony; (8) persons shown on the face of the document to have authored or received it; (9) mock jurors or focus group members utilized by a Party in connection with this action; (10) any representative of a regulator or governmental agency; (11) outside auditors and accountants; and (12) any deponent in this action and their counsel, during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this action. Any person to whom information designated "Confidential" is to be disclosed pursuant to subsections (5), (9), or (12) of this paragraph shall be informed of the contents of this Protective Order and, prior to disclosure, shall agree in writing to be bound by its terms by executing the Written Assurance. This paragraph does not govern disclosure of Sensitive Business Information, which is governed by paragraph 2.l.

d. **Third-Party Discovery.** A copy of this Protective Order shall be served with any subpoena served in connection with this action. All documents produced by a Third Party without a confidentiality designation shall be treated as if they had been designated "Confidential" for a period of twenty (20) days from the date of their production, and during that period

any Party may designate such documents "Confidential" to the extent appropriate under and pursuant to the terms of this Protective Order. After twenty (20) days, any document not so designated will no longer, unless subsequently determined by the Court, be considered to carry a confidentiality designation.

e. **Depositions.** All depositions or portions of depositions taken in this action that contain Confidential Information may be designated "Confidential" pursuant to the terms of this Protective Order. Confidentiality designations for depositions shall be made by a Party either on the record or by written notice to the other Party within twenty (20) days of receipt of the transcript. To the extent that any portion of deposition testimony constitutes a disclosure of Confidential Information, such testimony shall be taken only in the presence of persons who are qualified to have access to such information. Notwithstanding the foregoing, a Party may attend every deposition taken in this action. If a Party intends to examine a witness concerning Sensitive Business Information, that Party shall so advise counsel in advance and shall either conduct that examination in a separately designated portion of the transcript from which the other Party may be excused, or use an exhibit from which the Sensitive Business Information has been redacted. No deposition shall be noticed or conducted in a manner that excludes a Party from the deposition as a whole.

f. **Inadvertent Failure to Designate.** Any Party or Third Party that inadvertently fails to designate a document as "Confidential" shall, promptly upon discovery of the oversight, provide written notice of the error and substitute an appropriately designated document. Any Party receiving such a substituted designation shall treat the document as "Confidential" from the time of notice and shall make a reasonable, good-faith effort to

retrieve any copies distributed to persons not entitled to receive Confidential Information under this Protective Order.

g. **Inadvertent Production of Privileged Material.** Pursuant to Fed. R. Evid. 502(d), the production of any document or information protected by the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this or any other federal or state proceeding. Upon written notice by the producing party that privileged or protected material has been produced, the receiving party shall promptly return, sequester, or destroy the identified material and any copies, and shall not use or disclose the material until any dispute over the claim is resolved. Nothing in this paragraph limits a party's right to contest the claim of privilege or protection.

h. **Unauthorized Disclosures.** If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Party must immediately notify the designating Party of the unauthorized disclosure, use its best efforts to retrieve all unauthorized copies of the material, inform the person or persons to whom the unauthorized disclosure was made of the terms of this Protective Order, and request that such person or persons execute the Written Assurance.

i. **Filing Confidential Information With the Court.** If a party seeks to file with the Court any document designated "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support setting forth the legal basis for sealing the document, in accordance with the District of North Dakota's Administrative Policy Governing Electronic Filing and Service and the Court's Guide to Filing Sealed

Motions and Documents. If only portions of a document contain Confidential Information, the filing party must (1) file a motion for leave to file under seal and a supporting memorandum explaining the legal basis for the proposed redactions, and (2) attach to the motion an unredacted copy of the document and a proposed redacted copy, with the proposed redactions identified in a manner that enables the Court and the other party to review them. The Parties acknowledge that a confidentiality designation under this Protective Order does not, by itself, authorize filing under seal, and that the common-law and First Amendment rights of public access apply.

j. **Challenges to Confidentiality Designations.** Any Party may challenge the designation of any information as "Confidential" by giving written notice at any time. Any challenged information shall be treated as initially designated until the information is re-designated or the Court rules otherwise. The Parties shall promptly meet and confer in good faith within seven (7) court days of the date written notice is provided. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any Third Party whose designation may be affected. The Party asserting that material constitutes Confidential Information shall bear the burden of proving that the information is within the scope of protection of Fed. R. Civ. P. 26(c) and this Protective Order. This paragraph applies equally to designations of Sensitive Business Information. The Party asserting that material constitutes Sensitive Business Information shall bear the burden of proving both that the information is within the scope of protection of Fed. R. Civ. P. 26(c) and that disclosure to a Party would cause substantial economic harm to the competitive position of a person who is not a Party. As to a challenge to a Sensitive Business Information designation, the Parties shall meet and confer within

five (5) court days of written notice, the challenging Party may move the Court for relief at any time thereafter, and the Parties shall jointly request expedited consideration of any such motion. If a challenge to a Sensitive Business Information designation is sustained, the material is no longer Sensitive Business Information, and the Court may direct what designation, if any, thereafter applies. Neither the entry of this Protective Order nor a Party's acceptance of or failure to challenge any designation constitutes agreement that any document or category of documents is properly designated, and each Party reserves all rights to challenge any designation at any time.

k. **Termination.** Within sixty (60) days of the termination of this action, including any appeals, each Party shall either destroy or return to the Disclosing Party all documents designated "Confidential" and all copies of such documents, and shall destroy all extracts and data taken from such documents, except where a statutory or regulatory requirement prohibits return or destruction. Each Party shall provide verification of return or destruction within the sixty (60) day period. Notwithstanding the foregoing, Attorneys shall be entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, consultant and expert work product, and any other attorney work product, subject to the provisions of this Protective Order.

l. **Disclosure of Sensitive Business Information.** Notwithstanding paragraph 2.c, disclosures of information designated "CONFIDENTIAL – SENSITIVE BUSINESS INFORMATION (OUTSIDE COUNSEL AND EXPERTS ONLY)" shall be limited to: (1) Attorneys as defined in paragraph 1.a, other than in-house counsel; (2) employees and agents of such Attorneys; (3) consultants or experts engaged by counsel for any Party in

connection with this action, upon execution of the Written Assurance and compliance with the expert-disclosure procedure set forth below; (4) the Court and its staff, court reporters retained to transcribe testimony, and persons shown on the face of the document to have authored or received it; and (5) any other person by written agreement of the Disclosing Party or by order of the Court.

**Experts and consultants.** Before disclosing Sensitive Business Information to a consultant or expert, the receiving Party shall provide the Disclosing Party with the person's name, curriculum vitae, and current business affiliation, together with the executed Written Assurance. The Disclosing Party shall have seven (7) calendar days from receipt to object in writing, stating with particularity the good cause for the objection. If no objection is served within that period, disclosure may proceed. If an objection is served, disclosure may proceed unless the objecting Party moves the Court for relief within five (5) days of serving the objection, in which event disclosure to that person shall be deferred until the Court rules.

**Communications with the client.** Nothing in this paragraph limits an Attorney's ability to advise his or her own client, including as to settlement, on the basis of Sensitive Business Information, provided the Attorney does not disclose the Sensitive Business Information itself. An Attorney may prepare and share with his or her client aggregated or anonymized summaries and analyses derived from Sensitive Business Information, provided such summaries do not identify, and do not permit the identification of, any non-Party beekeeper or honey producer.

**3. MISCELLANEOUS.**

**a. Modifications.** Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**b. No Waiver.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this action, or of any position as to the discoverability or admissibility of evidence. The consent of the Parties to the terms of this Protective Order shall not be deemed an admission or acknowledgment as to the relevance, competence, or admissibility of any Confidential Information.

**c. Effective Date.** The stipulated terms set forth herein shall become effective upon execution by counsel for all Parties and shall remain binding on the Parties subject to and pending entry of this Protective Order by the Court.

**d. Continuing Obligations.** Except as specifically provided herein, the obligations imposed by this Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce this Protective Order after termination.

IT IS SO STIPULATED.

Dated this __26th__ day of _October___, 2026.

_/s/ Eric Lilly________________________
Eric J. Lilly (ND ID # 10243__)
Nilles Law Firm
201 North Fifth Street, Suite 1800
P.O. Box 2626
Fargo, ND 58108-2626
Phone: (701) 237-5544
E-Mail: ELilly@nilleslaw.com
Attorneys for Plaintiff Vasile Bote

Dated this 26th day of October__________, 2026.

/s Asa Burck___________________________
Asa Burck (ND ID #07251)
KD Law, PLLP
3429 Interstate Blvd. S
Fargo, ND 58103
Phone: (701) 232-8757
E-Mail: asa@kdlawpartners.com
Attorneys for Defendant Scott Keene

**ORDER**

The parties' "Stipulation for Protective Order" is adopted as the Order of the Court.

Dated this 28th day of October, 2026.

*/s/ Clare R. Hochhalter*
Hon. Clare R. Hochhalter
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE TO STIPULATION FOR PROTECTIVE ORDER**

I, ______________________________, acknowledge that I have read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential." I agree that I will not disclose such Confidential material to anyone other than for purposes of the litigation in which I was provided the information, and that at the conclusion of the litigation I will return all such information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of North Dakota for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order may subject me to punishment for contempt of Court. I further acknowledge that certain material may be designated "CONFIDENTIAL – SENSITIVE BUSINESS INFORMATION (OUTSIDE COUNSEL AND EXPERTS ONLY)," that such material may not be disclosed to a Party, and that every obligation stated above applies to such material.

______________________________

Dated: ______________________